

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

**NOS. WR-86,091-01, WR-86,091-02, WR-86,091-03, WR-86,091-04, WR-86,091-05, WR-86,091-06, WR-86,091-07, WR-86,091-08, WR-86,091-09 & WR-86,091-10**

**EX PARTE CHARLES RAY MILLER, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1423724A, 1423717A, 1423718A, 1423719A,
1423720A, 1423721A, 1423725A, 1423726A, 1423722A & 1423723A
IN THE 8ᵀᴴ DISTRICT COURT
FROM HOPKINS COUNTY**

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of ten charges of indecency with a child by contact and sentenced to twenty years' imprisonment in each case. The Sixth Court of Appeals affirmed his convictions. *Miller v. State*, Nos., 06-14-00120, 06-14-00121, 06-14-00122, 06-14-00123, 06-14-00124, 06-14-00125, 06-14-00126, 06-14-00127, 06-14-00128 & 06-14-00129-CR (Tex. App.—Texarkana Dec. 12, 2014) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel did not present mitigation evidence at the punishment hearing. In support of his claim, he attaches medical records and affidavits from family members. The record contains no response from trial counsel and no findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 25, 2017
Do not publish